909 F.2d 1494
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ALLIED-SIGNAL, INC., Plaintiff-Appellee,
v.
FILMTEC CORPORATION, and the Dow Chemical Company,
Defendants-Appellants.
 Misc. No. 286.
 United States Court of Appeals, Federal Circuit.
 June 6, 1990.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Filmtec Corporation, et al. (Filmtec) move for a stay, pending appeal, of the May 25, 1990 preliminary injunction issued by the United States District Court for the Southern District of California.[1] Allied-Signal Inc. (Allied) opposes the motion.
 
 
 2
 Allied recently acquired the patent in suit which will expire on July 10, 1990. In the district court Allied sought to enjoin Filmtec from making, using, or selling its principal product on the ground that it infringed one method claim of Allied's patent. On May 25, 1990, the district court granted Allied's motion for preliminary injunction delineating its reasons therefor. On May 29, 1990, the district court denied Filmtec's motion for a stay.
 
 
 3
 In its motion here, Filmtec uses a "shotgun" approach in arguing that it is likely to succeed on the merits, that is, it argues that the district court erred in the matters of the form and scope of the order and on the issues of (1) anticipation, (2) obviousness, (3) enablement, (4) best mode, and (5) equity. Filmtec does not attach the finding of literal infringement. With regard to harm to itself, Filmtec points out that the enjoined product constitutes 89-95 percent of its revenue. With regard to harm to Allied, Filmtec points out that Allied is itself enjoined from selling a competitive product as a result of a preliminary injunction in another suit.
 
 
 4
 In Standard Havens' Products, Inc. v. Gencor Industries, 897 F.2d 511 (Fed.Cir.1990) we stated that to prevail on a motion for stay where movant has shown that the equitable factors militate in its favor, movant need not demonstrate a strong likelihood of success on the merits, but instead demonstrate a substantial case on the merits. Here, although Filmtec has shown that the "harm" factors militate in its favor, it has not carried its burden of showing that a substantial legal question exists. Filmtec's shotgun approach, lacking any indication of its view of its best argument, is not helpful.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 Filmtec's motion for a stay, pending appeal, is denied.[2]
 
 
 
 [1]
 On May 30, 1990, this Court temporarily stayed the order until June 6, 1990
 
 
 [2]
 It appears that this appeal of the preliminary injunction will become moot in view of the expiration of the patent and the termination of the preliminary injunction on July 10, 1990